LAW OFFICES OF
PAUL F. HAMILTON, LLC
Paul F. Hamilton, Esq.
Nevada State Bar No. 1697
577 California Avenue
Reno, Nevada  89509
Phone 775-348-2700
Attorneys for Defendant,
OTIS ELEVATOR COMPANY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JAYNA CARTER,

        Plaintiffs,

vs.

MGM RESORTS INTERNATIONAL dba
CIRCUS CIRCUS HOTEL AND CASINO -
RENO; OTIS ELEVATOR COMPANY,
DOES I through X, inclusive and ROE
BUSINESS ENTITIES I through X,
inclusive,

        Defendants.
_____/

Case No.:   3:11-cv-662-RCJ-WGC

### STIPULATED CONFIDENTIALITY AGREEMENT AND ORDER

IT IS HEREBY STIPULATED and agreed by and between Plaintiff, JAYNA CARTER, and Defendant, OTIS ELEVATOR COMPANY, by and through their undersigned counsel, respectively, that the following procedure shall be employed for the protection of Defendant's confidential documents and related information:

    1.    For purposes of this Agreement, confidential information means any document, writing, paper, tangible thing, transcript of oral testimony, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand, and the content of any such document, writing, paper, thing, transcript of statement, which Defendants designate as "Confidential."

    2.    No party shall disclose any document and/or other item that is subject to this confidentiality agreement to: (1) any expert witness who does not agree in writing to be bound by this agreement; or (2) any third party not directly involved in the above-entitled action, unless the

parties or their attorneys consent to or such disclosure is ordered by the Court.

3. Documents and materials subject to this protective order shall be used solely for preparation for trial and/or trial in this action. "Preparation for trial" includes, but is not limited to, discovery, settlement, preparation of motions, interviews of witnesses, and trial preparation.

4. Each party may make working copies or file copies of documents and materials subject to this protective order to be used by: (1) the parties' attorneys (including paralegals, law clerks, or other support personnel necessary for preparation for trial and/or trial); (2) the parties themselves; (3) experts retained by the parties who have agreed in writing to be bound by this confidentiality agreement; or (4) other persons agreeing in writing to be bound by this confidentiality agreement. Such copies are to be used exclusively in connection with the above-captioned action. Any copies or other methods of reproduction of the documents shall be stored and/or handled by the above-listed persons in a manner which will prevent the unauthorized disclosure of the documents and/or items and or/their contents.

5. Documents or other items subject to this confidentiality agreement shall not be used by any party to this action for business or competitive purposes, or for any purpose whatsoever other than for preparation for trial and/or trial of the above-captioned action.

6. Unless otherwise permitted by statute, rule or prior court order, papers filed with the Court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal, and shall be filed consistent with the court's electronic filing procedures in accordance with Local Rule 10-5(b). Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in Court. *Kamakana v. City and County of Honolulu*, 447 F.2d 1172 (9th Cir. 2006).

7. **Each expert, agent, consultant, or other representative who is permitted by any attorney for the parties to view, examine, scan or otherwise inspect the documents subject to this confidentiality agreement shall agree in writing to be bound by this agreement. A copy of this confidentiality agreement shall also be delivered to each of the above-listed persons by the attorneys for the parties.**

8. No party to this action, attorneys for any party (including law clerks, paralegals, or other support personnel necessary for preparation for trial and/or trial), any experts retained by any

party or his/her/its attorneys, or any party's agents or representatives may copy or otherwise reproduce any document or item designated as "confidential" except for working copies or file copies as described in, and for the persons described in, paragraph 4 above.

9. All documents produced subject to this confidentiality agreement, and any copies, lists or summaries thereof, shall be returned within thirty days after trial and/or other final resolution of the above-entitled action to the party who produced such documents, unless such documents or other items cannot be returned as a result of a party's introduction of such documents or items as evidence at trial, or unless such documents or items are otherwise unavailable for return.

10. This confidentiality agreement may be modified by further order of this Court or by written agreement of counsel for all the parties, subject to approval of the Court.

11. This confidentiality agreement shall be effective April 30, 2010. It shall survive termination of this action, and the Court shall retain jurisdiction to enforce or modify this agreement.

**AFFIRMATION**
**Pursuant to NRS 239 B.030**

The undersigned does hereby affirm that the preceding document does not contain the Social Security Number of any person.

Dated this 4th day of Jan., 2012.

BENSON & BINGHAM

By: _____
Attorney for Plaintiff,
JAYNA CARTER

Dated this 23rd day of December, 2011.

RANDS, SOUTH & GARDNER

By: _____
Attorney for Defendants,
MGM RESORTS INTERNATIONAL dba
CIRCUS CIRCUS HOTEL AND CASINO -
RENO

///

///

3

Dated this ___ day of December, 2011.

                        LAW OFFICES OF PAUL F. HAMILTON, LLC

                        By: _____
                             Attorney for Defendant,
                             OTIS ELEVATOR COMPANY

**ORDER**

IT IS SO ORDERED.

Dated: February 3, 2012.

_____
UNITED STATES MAGISTRATE JUDGE