# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MS. JAYNA CARTER, ) | |
| ) | 3:11-cv-00662-VPC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| OTIS ELEVATOR COMPANY, *et al.,* ) | |
| ) | |
| Defendants. ) | November 14, 2013 |

This case is before this court on the August 22, 2013 Order to Show Cause why Dr. C. Stephen Carr should not be sanctioned for disobedience of the stipulated confidentiality agreement and order filed February 3, 2012 (#25).[1] On October 16, 2013, Real Party in Interest, C. Stephen Carr ("Carr"), filed a notice of supplemental authority/request for dismissal (#70). Defendant Otis Elevator Company ("Otis") filed a reply (#71), and Carr filed a response to that reply (#72). As set forth below, the Show Cause Hearing set for November 26, 2013 is vacated and shall be re-set in accordance with this order.

On June 10, 2013, Otis filed a motion for order to show cause why Carr should not be held in contempt of court pursuant to Nev. Rev. Stat. § 22.010 (#52). Otis asserted that Carr knew of, had a copy of and agreed to be bound by the terms of a stipulated confidentiality agreement requiring that Carr return all copies of all confidential documents to plaintiff's counsel at the conclusion of the case and specifically requiring that he not shred and/or dispose of any such confidential documents. *Id*. Instead, Otis contends that Carr returned some copies of confidential documents to plaintiff's

---

[1] Refers to the court's docket number.

-1-

counsel, but informed plaintiff's counsel that as to other documents: "[t]here were no other materials worthy of anything more than a trip to the trash can and everything else was discarded weeks ago." *Id*. Thus, Otis seeks an order finding Carr in contempt of court and imposing a fine and a term of imprisonment. *Id*.

At a hearing before Magistrate Judge William G. Cobb on June 28, 2013, the parties were advised that although the case was before the court pursuant to diversity jurisdiction, a U.S. Magistrate Judge's contempt authority is derived from 28 U.S.C. § 636(e) (#59). The court advised Carr that the allegations appear to be in the nature of criminal contempt and that Carr should retain counsel. *Id*. Subsequently, Carr retained John C. Boyden, former law partner to Magistrate Judge Cobb (#60). Magistrate Judge Cobb then recused himself and the matter is now before Magistrate Judge Cooke (#61).

In response to Magistrate Judge Cooke's August 22, 2013 Order to Show Cause why Carr should not be sanctioned for disobedience of the stipulated confidentiality agreement and order, Carr filed a notice of supplemental authority/request for dismissal (#70). Carr contends that as the matter is proceeding as a criminal contempt hearing, the court must refer it to the United States Attorney for prosecution, and counsel for Otis may not prosecute the matter. *Young v. U.S. ex rel. Vuitton el Fils S.A.*, 481 U.S. 787, 790 (1987); Fed. R. Crim. P. 42(a)(2). Otis filed a response and stated that it agrees that the court must refer the matter to the United States Attorney for prosecution (#71). Carr then filed a request that the contempt hearing date of November 26, 2013 be vacated and rescheduled for a later date with the participation of the United States Attorney (#72).

The contempt authority for a United States Magistrate Judge is set forth in 28 U.S.C. § 636(e) and includes:

> (3) Additional criminal contempt authority in civil consent and misdemeanor cases.--In any case in which a United States magistrate judge presides with the consent of the parties under subsection (c) of this section, and in any misdemeanor case proceeding before a magistrate judge under section 3401 of title 18, the magistrate judge shall have the power to punish, by fine or imprisonment, or both, criminal contempt constituting disobedience or resistance to the magistrate judge's lawful writ, process, order, rule, decree, or command. Disposition of such contempt shall be conducted upon notice and hearing under the Federal Rules of Criminal Procedure.

Rule 42 of the Federal Rules of Criminal Procedure governs criminal contempt. Rule 42(a)(2) prescribes that

> The court must request that the contempt be prosecuted by an attorney for the government, unless the interest of justice requires the appointment of another attorney. If the government declines the request, the court must appoint another attorney to prosecute the contempt.

The United States Supreme Court has clarified that "criminal contempt proceedings arising out of civil litigation are between the public and the defendant, and are not a part of the original cause." *Young*, 481 U.S. at 804. As the "prosecutor is appointed solely to pursue the public interest in vindication of the court's authority," *id*., "counsel for a party that is the beneficiary of a court order may not be appointed to undertake contempt prosecutions for alleged violations of that order." *Id*. at 790.

Accordingly, the matter of alleged criminal contempt is referred to the United States Attorney. The show-cause hearing set for November 26, 2013 is hereby **VACATED**.

Finally, at the August 22, 2013 hearing, Carr, by and through his attorney, indicated that he consents to the jurisdiction of the U.S. Magistrate Judge (#65). **Within ten (10) days** of the date of

this order, Carr **SHALL FILE** his signed AO 85 Notice of Availability, Consent, and Order of Reference – Exercise of Jurisdiction by a U.S. Magistrate Judge (*see* #9 for link to form).

    **IT IS SO ORDERED**.

    DATED:  November 14, 2013.

                                              **UNITED STATES MAGISTRATE JUDGE**