1

2

3

4                      UNITED STATES DISTRICT COURT

5                            DISTRICT OF NEVADA

6                                   * * *

7    JAYNA CARTER,                              Case No.  3:11-CV-0662-VPC

8                 Plaintiff,                    ORDER

9         v.

10   OTIS ELEVATOR COMPANY, et al.,

11                Defendants.

12        Before the court is the matter of a criminal contempt proceeding against C. Stephen Carr,

13   Ph.D, ("Dr. Carr"), whom the plaintiff Jayna Carter ("plaintiff") retained as an expert witness.

14   **I.    Procedural History**

15        The parties in this action submitted and the court approved a protective order governing

16   the disclosure of confidential documents and materials that the attorneys and expert witnesses

17   might exchange in this case (#25).  Paragraph 7 of the protective order provides:

18            Each expert, agent or consultant or other representative who is permitted
             by any attorney for the parties to view, examine, scan or otherwise
19           inspect the documents subject to this confidentiality agreement shall
             agree in writing to be bound by the agreement. A copy of this
20           confidentiality agreement shall also be delivered to each of the above-
             listed persons by the attorneys for the parties.
21

22   Paragraph 9 of the agreement governs the return of confidential documents and requires "all

23   documents produced subject to this confidentiality agreement, and any copies, lists or summaries

24   thereof, shall be returned within thirty days after trial and/or other final resolution of the above-

25   entitled action to the party who produced such documents, . . ." *Id.*

26

27

28

1    Dr. Carr acknowledged his obligations concerning documents identified as "confidential"
2  in the protective order and agreed that he would return all such documents, including copies,
3  lists, or summaries at the resolution of the case, and that he would not shred or dispose of these
4  documents (#53-2, Ex. 2, Decl. of Dr. Carr).
5    On April 24, 2013, the parties had a settlement conference before Magistrate Judge Cobb,
6  who was the original magistrate judge randomly assigned to this case.  The minute order of the
7  conference indicates that the parties settled the case, and Judge Cobb ordered the parties to
8  submit a stipulation dismissing the case (#50).  However, in June 2013, after the settlement
9  conference and before the case was dismissed, defendants' counsel filed a motion for order to
10  show cause why Stephen Carr should not be held in contempt of court (#s 52 & 53).
11    The motion for order to show cause reports that as the parties were finalizing the
12  settlement of the case, defendants requested a return of confidential documents from Dr. Carr
13  (#52).  When Dr. Carr failed to return all of the documents,  plaintiff's counsel contacted him a
14  second time, and he responded: "There were no other materials worthy of anything more than a
15  trip to the trash can and everything else was discarded weeks ago."  *Id.*, Ex. 5 to Hamilton
16  Affidavit.  According to defendants, this was the second instance in which Dr. Carr had violated
17  a protective order and failed to return confidential documents; therefore, defendants sought
18  criminal contempt sanctions against Dr. Carr pursuant to Nevada law (#52).
19    Judge Cobb held a hearing on June 28, 2013, to discuss the motion for order to show
20  cause.  Dr. Carr was present telephonically, but had not retained counsel (#59).  Judge Cobb
21  explained that because this is a diversity case, federal law applied to this procedural issue, not
22  state law.  *Id.*  He then explained the extent of a magistrate judge's contempt authority pursuant
23  to 28 U.S.C. § 636(e), the distinction between civil and criminal contempt, and concluded that
24  the alleged violation of the protective order constituted criminal contempt.  *Id.*
25    After explaining the procedure for criminal contempt, the court told the parties and Dr.
26  Carr that they could also consent to have Judge Cobb conduct all proceedings related to the
27  contempt motion pursuant to 28 U.S.C. § 636(c), by submitting a consent of the action to a

28                                        2

1  magistrate judge by July 12, 2013. *Id.* In the event all parties consented, Judge Cobb set the

2  show cause hearing for August 5, 2013. *Id.* Thereafter, John C. Boyden, Esq. filed a notice of

3  appearance of counsel for Dr. Carr (#60), and Judge Cobb recused from the case (#61).[1]

4       On August 7, 2013, Judge Jones, the District Judge assigned to the case, signed an order

5  that the case was referred to a United States magistrate judge "*to conduct criminal contempt*

6  *proceedings pursuant to Fed.R.Crim.P. 42 in accordance with 28 U.S.C. § 636(c) and*

7  *Fed.R.Civ. P. 73*" (#63) (emphasis supplied). The notice portion of the form also states "*The*

8  *following parties consent to have a United States magistrate judge conduct contempt*

9  *proceedings in this case pursuant to Fed.R.Crim. P. 42.*" (#63) (emphasis supplied).[2]

10       After Judge Cobb recused, the case was referred to this court (#63), and the court held a

11  status conference on August 22, 2013 (#65). Mr. Boyden made his appearance on behalf of Dr.

12  Carr, the parties and the court discussed the status of the show cause proceeding, Mr. Boyden

13  indicated he would consent to this court's jurisdiction, and the court set the matter for hearing on

14  October 23, 2013 (#66). On August 6, and August 27, 2013, respectively, the Clerk of Court

15  received notices of consent to a magistrate judge, which contained the same language found in

16  the consents of defendants' counsel; that is, that they were consenting to the magistrate judge

17  conducting criminal contempt proceedings. *See* Exhibits A & B to this order. However, Judge

18  Jones did not sign these orders. *Id.*

19       On November 19, 2013, Mr. Boyden and Dr. Carr submitted a second notice of consent

20  (#78). The Clerk entered the notation, "See Order [63]" and docketed the consent form (#78).

21  Judge Jones did not approve this order either, because it was not presented to him for approval.[3]

22

23  [1]Mr. Boyden is a member of the law firm where Judge Cobb was employed prior to his
24  appointment as a magistrate judge.

25  [2]The forms attached to Judge Jones's order and signed by counsel for the defendants also contain
  the same language that the case is referred for criminal contempt proceedings. *See* #63, pages 2
26  & 3.

27  [3]The Clerk's Office representative reported to the court that the deputy clerks responsible for
  receiving and submitting the notices of consent were unaware the form had been altered.

28

1  However, the wording of this notice comports with form provided by the Administrative Office

2  of the United States Courts, and this is the form that is linked to the District of Nevada's website.

3      The wording is important, as it differs from the order Judge Jones signed (#63), and the

4  notice Mr. Boyden and Dr. Carr submitted back in August 2013.  The pertinent language in the

5  "notice" portion of the form reads:

6          *Consent to magistrate judge's authority.*  The following parties consent
           to have a United States magistrate judge conduct all proceedings in this
7          case including, trial, the entry of final judgment, and all post-trial
8          proceedings.

9  The Reference Order, which the District Judge signs, states:

10         IT IS ORDERED: This case is referred to a United States magistrate
           judge to conduct all proceedings and order the entry of a final judgment
11         in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73.

12  (#78).  The form notice and order makes no reference to criminal contempt proceedings or Rule

13  42 of the Federal Rules of Criminal Procedure.  At this juncture in the proceeding, Judge Jones

14  had ordered consent for a criminal contempt proceeding insofar as defendants were concerned;

15  however, he had not ruled on the notices that Dr. Carr or Mr. Boyden (twice) submitted.  This

16  fact is important because if criminal contempt proceedings were to proceed, they would proceed

17  against Dr. Carr.

18      On October 16, 2013, Mr. Boyden filed a notice of supplemental authority/request for

19  dismissal (#70).  In it, he explained – correctly – that criminal contempt proceedings arising out

20  of civil litigation are not part of the original case; rather, they are between the public and the

21  defendant.  *See Young v. U.S. ex rel. Vuitton el Fils S.A.*, 481 U.S. 787, 790 (1987).  *Id.*  This

22  court agreed and issued an order referring the matter of criminal contempt to the United States

23  Attorney (#73).  On January 9, 2014, this court notified the parties that the United States

24  Attorney declined to prosecute this matter and directed the parties to submit a stipulation and

25  order dismissing this case no later than January 31, 2014 (#74).

26      The parties did so (#75).  However, the next day, defendants filed a request for a

27  conference call (#76).  The court held a hearing the following day, and defendants reported that

28                                              4

1   notwithstanding that the United States Attorney declined to prosecute this matter, defendants

2   believed the court was obliged to appoint another attorney to prosecute the contempt pursuant to

3   Fed.R.Crim.P. 42(a)(2).  This is where the case now stands.

4   **II.     Discussion and Analysis**

5          ***A.     Criminal Contempt***

6          This matter has now been referred to the undersigned magistrate judge, and this court *sua*

7   *sponte* concludes that the conduct complained of – Dr. Carr's alleged violation of a protective

8   order in a civil case – does not rise to the level of criminal contempt.  The court understands the

9   allegations against Dr. Carr to be twofold: first, according to defendant, Otis Elevator, Inc.,  Dr.

10  Carr violated the protective order in this case because rather than return all confidential

11  documents, which he agreed to do, Dr. Carr threw them away.  Second, this is not the first time

12  Dr. Carr has been retained as a plaintiff's expert against Otis where he has violated the same

13  provision of a protective order and simply disposed of confidential documents.

14         The Federal Rules of Civil Procedure afford parties many avenues to address improper

15  conduct in civil litigation.  For example, Rule 37(b) of the Federal Rules of Civil Procedure

16  provides sanctions for failure to obey a court order regarding discovery.  Local Rule IA 4-1 of

17  the Local Rules of Practice for the District of Nevada provides imposition of sanctions for failure

18  to abide by a court order, after notice and hearing.  These rules in civil litigation are very

19  effective and important tools in addressing violations of court orders and other bad behavior in

20  litigation.  In contrast, criminal contempt in a civil proceeding is highly unusual because the

21  consequences are more dire: a fine and/or imprisonment.  At this juncture, there is nothing in the

22  record to suggest that Dr. Carr used the confidential documents for an illicit purpose or

23  something similarly egregious.  While Dr. Carr's failure to return confidential documents at the

24  conclusion of this case is a serious matter, if true, criminal contempt is a grossly disproportionate

25  sanction.   The court is not going to the time and expense of appointing an independent

26  prosecutor to get to the bottom of this alleged violation of a protective order.  As noted earlier,

27  civil sanctions can fairly and speedily address defendant's concerns.

28                                                      5

III.     **Conclusion**

Based upon the foregoing, and for good cause appearing,

IT IS ORDERED:

1.      This court *sua sponte* concludes that the alleged misconduct of Dr. Carr does not warrant criminal contempt;

2.      Even if it did, this court has not received approval from the District Court to proceed with criminal contempt proceedings because the District Court did not so consent as to Mr. Boyden and Dr. Carr's notices;

3.      The defendant's motion for order to show cause (#s 52 & 53) will be construed as a motion under LR IA 4-1, and Dr. Carr, through counsel, has leave to file an opposition to the motion for order to show cause (#s 52 & 53) no later than Friday, February 14, 2014 at 5:00 p.m. Pacific Time.  Defendants have leave to file a reply memorandum not later than Friday, February 21, 2014 at 5:00 p.m. Pacific Time; and

4.      The court will either take the matter under submission or may set the matter for hearing.

**IT IS SO ORDERED.**

DATED:  February 4, 2014.

_____
VALERIE P. COOKE
UNITED STATES MAGISTRATE JUDGE

6

EXHIBIT A

# UNITED STATES DISTRICT COURT
for the
District of Nevada

| | |
|---|---|
| JAYNA CARTER | ) |
| *Plaintiff* | ) |
| v. | ) |
| CIRCUS CIRCUS CASINOS, INC. dba CIRCUS | ) |
| CIRCUS-RENO, a Nevada corporation; OTIS | )  Civil Action No.  3:11-cv-662-RCJ-WGC |
| ELEVATOR COMPANY, DOES I through X, | ) |
| inclusive and ROE BUSINESS ENTITIES I | ) |
| through X, inclusive, | ) |
| *Defendant* | ) |

## NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.*  A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court.  A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences.  The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case

*Consent to a magistrate judge's authority.*  The following parties consent to have a United States magistrate judge conduct contempt proceedings in this case pursuant to Fed. R. Crim. P. 42.

| *Parties' printed names* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| John C. Boyden | *John Boyden* | August 6, 2013 |
| | | |
| | | |
| | | |

## Reference Order

**IT IS ORDERED:** This case is referred to a United States magistrate judge to conduct contempt proceedings pursuant to Fed. R. Crim. P. 42 in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: _____

_____
*District Judge's signature*

_____
*Printed name and title*

Note: Return this form to clerk of the court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge.  Do not return this form to a judge.



RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD

FILED
ENTERED

AUG 0 6 2013

CLERK US DISTRICT COURT
DISTRICT OF NEVADA

DEPUTY

BY:

EXHIBIT B

# UNITED STATES DISTRICT COURT

for the
District of Nevada

| | | |
|---|---|---|
| JAYNA CARTER | ) | |
| *Plaintiff* | ) | |
| v. | ) | |
| CIRCUS CIRCUS CASINOS, INC. dba CIRCUS | ) | Civil Action No. 3:11-cv-662-RCJ-WGC |
| CIRCUS-RENO, a Nevada corporation; OTIS | ) | |
| ELEVATOR COMPANY, DOES I through X, | ) | |
| inclusive and ROE BUSINESS ENTITIES I | ) | |
| through X, inclusive, | ) | |
| *Defendant* | ) | |

## NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.* The following parties consent to have a United States magistrate judge conduct contempt proceedings in this case pursuant to Fed. R. Crim. P. 42.

| Parties' printed names | Signatures of parties or attorneys | Dates |
|---|---|---|
| Joseph L. Benson, Esq. | | |
| Paul F. Hamilton, Esq. | | |
| Rebecca Mastrangelo, Esq. | | |
| C. Stephen Carr, Ph.D. | C. Stephen Carr | 23 Aug 2013 |

Reference Order

**IT IS ORDERED:** This case is referred to a United States magistrate judge to conduct contempt proceedings pursuant to Fed. R. Crim. P. 42 in accordance with 28 U.S.C. § 636(e) and Fed. R. Civ. P. 73.

Date: _____

_____
District Judge's signature

_____
Printed name and title

Note: Return this form to clerk of the court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge. Do not return this form to a judge.



FILED
ENTERED
RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD

AUG 27 2013

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:                     DEPUTY